UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JONATHAN EMMERT,              )<br>                                               )<br>     Plaintiff,                         )<br>                                               )<br>v.                                          )<br>                                               )<br>AROOSTOOK COUNTY JAIL, et al.,  )<br>                                               )<br>     Defendants                     )  | 1:24-cv-00159-NT |

## RECOMMENDED DECISION AFTER REVIEW
## OF PLAINTIFF'S COMPLAINT

Plaintiff, who is in custody at the Aroostook County Jail, filed a complaint against the jail and the state of Maine. (Complaint, ECF No. 1.) In addition to his complaint, Plaintiff filed an application to proceed without prepayment of fees (ECF No. 3), which application the Court granted. (Order, ECF No. 4.)

In accordance with the statute that governs actions where a plaintiff proceeds without prepayment of fees, a preliminary review of Plaintiff's complaint was appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint was subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, unless Plaintiff amends his complaint to address successfully the deficiencies identified herein, I recommend the Court dismiss Plaintiff's complaint.

## FACTUAL ALLEGATIONS

In April 2024, Plaintiff was assigned to solitary confinement for two days at the Aroostook County Jail. He was then transferred to solitary confinement at Cumberland County Jail for several days. When Plaintiff was transferred back to Aroostook County Jail, he was placed in segregation for several days without clothes or a blanket. Finally, without first holding a hearing, Plaintiff was moved to the Maine State Prison. Plaintiff asserts that his claim arises under the Fifth and Fourteenth Amendments to the United States Constitution and under the Civil Rights Act.

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding pursuant to § 1915, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the

complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

Plaintiff's allegation that he suffered mental anguish and physical deprivations due to his placement in "solitary confinement" arguably implicates the prohibition on cruel and unusual punishments. The Eighth Amendment prohibition on cruel and unusual punishments governs prisoners' treatment after conviction, and the Due Process Clause of the Fourteenth Amendment imposes similar obligations while prisoners are in pre-trial custody. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 243 (1983).

"Prison officials have a duty to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Giroux v. Somerset Cnty.*, 178 F.3d 28, 31 (1st Cir. 1999) (citations and quotation marks omitted).

Although Plaintiff alleges that he was placed in "solitary confinement," he provides few details about the nature of the restrictions he experienced while in segregation at each facility. "Solitary confinement is not per se impermissible" under the Eighth Amendment, *Hawkins v. Hall*, 644 F.2d 914, 917 (1st Cir. 1981). Plaintiff has not alleged a duration or conditions that courts have recognized as supporting a claim.[1]

Plaintiff references a lack of "running water," a "loss of energy-giving food," and "needless dehydration." Prisoners have the right to necessities such as drinking water and nutritionally adequate food. *See Domegan v. Fair*, 859 F.2d 1059, 1064 (1st Cir. 1988). Plaintiff, however, has not alleged that he was denied meals for a prolonged period or that the meals provided were inadequate to sustain his health. Plaintiff's cell in at least one of the facilities evidently lacked a sink, but Plaintiff did not allege that he was deprived of all

---

[1] The analysis does not change based on Plaintiff's assertion that he was not given clothing during one of the placements in solitary confinement. At times, "monitoring of naked prisoners is not only permissible but also sometimes mandatory," such as preventing the smuggling of drugs or weapons inside the body. *Hamilton v. English*, No. 3:23-CV-1-DRL-MGG, 2023 WL 144822, at *1 (N.D. Ind. Jan. 10, 2023) (modifications omitted) (quoting *Johnson v. Phelan*, 69 F.3d 144, 146 (7th Cir. 1995), overruled in part by *Henry v. Hulett*, 969 F.3d 769 (7th Cir. 2020)). Plaintiff does not allege any environmental conditions that necessitated clothing or a blanket to avoid a serious health risk, and the duration here, absent any other factual allegations, is not sufficient to permit a plausible inference of an illegitimate intent to punish or humiliate.

4

drinking water or that he suffered a degree of dehydration that created an objectively serious medical risk capable of supporting an Eighth Amendment claim.

Finally, Plaintiff argues that his jail and prison assignments violated his procedural due process rights because they were made without a hearing, and that at least one of the assignments was for disciplinary reasons but Plaintiff was not charged with violating or otherwise notified that he had violated a jail or prison rule. The Fourteenth Amendment provides that states cannot "deprive any person of life, liberty, or property, without due process of law," U.S. Const. Amend. XIV, but because "imprisonment carries with it the circumscription or loss of many significant rights," *Hudson v. Palmer*, 468 U.S. 517, 524 (1984), prisoners only have a protected liberty interest from state rules and procedures against transfer or assignment if the new conditions of confinement "constitutes an atypical and significant hardship relative to the ordinary incidents of prison life." *Perry v. Spencer*, 94 F.4th 136, 147 (1st Cir. 2024) (internal quotation marks omitted) (discussing *Sandin v. Conner*, 515 U.S. 472 (1995) and *Wilkinson v. Austin*, 545 U.S. 209 (2005)).

Plaintiff's due process claim fails because he does not allege any facts that would support a finding that his assignment to and the conditions at the Maine State Prison are atypical and a significant hardship, and courts have required much greater periods of segregation before recognizing a protected liberty interest based on duration alone. *See Sandin*, 515 U.S. at 476–77 (finding no liberty interest from thirty days in disciplinary segregation); *Wilkinson*, 545 U.S. at 214 (finding a protected liberty interest against indefinite supermax segregated assignment); *Perry*, 94 F.4th at 160 (finding a protected

liberty interest against "a duration of solitary confinement of more than ninety days" without a hearing based on the prison system, regulations, and state law in Massachusetts).[2]

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, unless within fourteen days, Plaintiff amends his complaint to address successfully the deficiencies identified herein, I recommend the Court dismiss Plaintiff's complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 14th day of June, 2024.

---

[2] To the extent Plaintiff raised other discernible claims, they also lack merit. For example, Plaintiff cited his First Amendment speech and association rights and his Sixth Amendment right to counsel, but there are no factual allegations related to those issues, and it is not obvious how he contends they would apply in the context of a hearing challenging his assignment or prison discipline. *See e.g., Toth v. Spaulding*, No. 19-CV-11611-ADB, 2020 WL 4698534, at *2 (D. Mass. Aug. 13, 2020) (Sixth Amendment right to counsel is "not implicated" in prison disciplinary proceedings).