UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JONATHAN EMMERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24-cv-00159-NT |
| | ) | |
| AROOSTOOK COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff, who is in custody at the Aroostook County Jail, filed a complaint against the jail and the state of Maine. (Complaint, ECF No. 1.)  In addition to his complaint, Plaintiff filed an application to proceed without prepayment of fees (ECF No. 3), which application the Court granted.  (Order, ECF No. 4.)  In accordance with the statute that governs actions where a plaintiff proceeds without prepayment of fees, a preliminary review of Plaintiff's complaint was appropriate.  28 U.S.C. § 1915(e)(2).  Additionally, Plaintiff's complaint was subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  After a review of Plaintiff's complaint, I recommended the Court dismiss the complaint unless Plaintiff filed an amended pleading addressing the deficiencies identified in the Recommended Decision.  (Recommended Decision, ECF No. 7.)

Plaintiff then filed an amended pleading. (Amended Complaint, ECF No. 8.)[1] Through the amendment, Plaintiff joined several officers (Officers Orr, Montez, Morrison, Snyder, Cropley, Baso, and Grant) at the jail as defendants. A review of the amended complaint is appropriate for the same reasons as the original complaint. Following a review of Plaintiff's amended complaint, I recommend the Court dismiss all claims except for a First Amendment retaliation claim.

## FACTUAL ALLEGATIONS[2]

On April 16, 2024, a malfunction in an electronic device (a tablet) caused a fire at the foot of Plaintiff's bunk in his jail cell. According to Plaintiff, the jail cell lacked fire sprinklers or alarms. Plaintiff put out the fire but suffered smoke inhalation and second degree burns on his right knee and hands. When he alerted staff about the incident, Plaintiff was transported to the hospital for treatment. Upon Plaintiff's return to the jail, he was placed in another cell that also lacked a fire safety system. Plaintiff filed a grievance regarding the lack of a fire safety system in his cell.

On April 19, 2024, Deputy Shane Campbell told Plaintiff that he was under investigation for arson. Plaintiff said he did not want to speak with Deputy Campbell, but Deputy Campbell continued to attempt to speak with Plaintiff. On April 20, 2024, Deputy

---

[1] Plaintiff titled the document a "Motion to Amend Petition." I construe the document as a motion for leave to amend the complaint, grant the motion to amend, and deem the filing, together with the original complaint, as the operative complaint.

[2] For purposes of this review, the facts are derived from Plaintiff's amended complaint and the alleged facts are viewed most favorably to Plaintiff.

Campbell "arrested" Plaintiff without providing *Miranda* warnings.  When they were in the booking room, Plaintiff attempted to leave, but Officer Snyder would not let him.  Officer Snyder tried to convince Plaintiff to speak with Deputy Campbell.  Plaintiff did not have a lawyer present.  When Plaintiff was returned to his pod, he asked Officer Orr for a grievance form.  Officer Orr denied Plaintiff's request for a grievance form.  Plaintiff alleges that he was told that Sergeant Baso said that if Plaintiff asked for another grievance, Plaintiff would be "stripped, put in the hole, left with nothing[,] and [he] can grieve from there."

On April 21, 2024, Plaintiff was arraigned via a videoconference hearing in state court on the arson charge.  Plaintiff told the lawyer for the day that he wanted to exercise his Sixth Amendment right to be present in the courtroom.  The hearing was adjourned to allow Plaintiff time to consider how to proceed.  Sergeant Morrison placed Plaintiff in a cell with no toilet, bed, running water, or a way to contact the staff.  Plaintiff refers to the cell as "the hole."

On April 22, 2024, Plaintiff spoke with the lawyer for the day by videoconference, and Plaintiff reiterated that he wanted to be present in court.  Sergeant Morrison placed Plaintiff back in the cell for approximately one hour.  On Sergeant Morrison's orders, Officers Grant, Cropley, and Montez held Plaintiff in a chair in front of a camera.  Plaintiff could not hear what was being said.  The officers then placed Plaintiff back into the cell.  Later that night, Plaintiff attempted suicide.  Plaintiff was placed into a restraint chair for several hours, during which time Plaintiff did not have clothes or access to water.

## LEGAL STANDARD

As explained in the original recommended decision, 28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action.  When a party is proceeding pursuant to § 1915, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by

lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim."  *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

Plaintiff's allegations regarding the fire risk are arguably intended to assert a deliberate indifference claim.  The Eighth Amendment, which prohibits cruel and unusual punishments, governs prison conditions after conviction, and the Due Process Clause of the Fourteenth Amendment imposes similar obligations while prisoners are in pre-trial custody.  *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 243 (1983). "Prison officials have a duty to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates."  *Giroux v. Somerset Cnty.*, 178 F.3d 28, 31 (1st Cir. 1999) (citations and quotation marks omitted).

To establish constitutional liability, a plaintiff must satisfy both an objective standard, which requires the prisoner to be "incarcerated under conditions posing a substantial risk of serious harm," and a subjective standard, which requires the defendant to have acted, or failed to act, with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834, 836 (1994); *see also*, *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (en banc).  Deliberate indifference is akin to criminal recklessness, "requiring actual knowledge of impending harm, easily preventable."  *Feeney v.*

*Correctional Medical Services*, 464 F.3d 158, 162 (1st Cir. 2006) (quoting *Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993)).

Plaintiff alleged that his individual cell lacked a sprinkler or smoke alarm, but without more, the allegations are insufficient to establish that the conditions create a substantial risk of harm or that any of the individual corrections officers had actual knowledge of the risk and disregarded it.  Plaintiff acknowledges, for example, that he received prompt medical attention.   As one court explained, the allegation that an individual cell lacks a sprinkler or detector "does not address numerous factors affecting fire safety at the prison," which would be necessary to state a deliberate indifference claim:

> [Plaintiff] fails to state that the prison lacks a comprehensive fire safety plan or address other factors such as fire extinguishers; smoke detectors in the cell corridors, stairwells and elevator landings; the fire alarm system, evacuation plans, and fire drills; locking devices on cell doors; the prison's combustible load; fire walls; or smoke containment capabilities in the ventilation systems. *See, e.g., Hadix v. Johnson,* 367 F.3d 513, 528–29 (6th Cir.2004) (reviewing cases dealing with prison fire safety); *Sowell v. Fair,* 915 F.2d 1557, *5 (1st Cir.1990) (prisoner's claim regarding inoperative smoke detectors failed to state an Eighth Amendment claim).  Plaintiff also does not suggest that the prison is in violation of the . . . fire safety code, and, although fire safety codes do not set the constitutional minima, they do provide an indication of society's standard of decency.  *See Masonoff v. DuBois,* 899 F. Supp. 782, 799 (D. Mass. 1995).   Further, with respect to the subjective element, plaintiff fails to state against whom he brings his claim regarding fire safety or that such party or parties acted with deliberate indifference.

*Cable v. Wall*, No. CIV.A. 09-439 ML, 2010 WL 1486494, at *5 (D.R.I. Mar. 18, 2010); *see also*, *Davis v. Oregon Cnty., Missouri*, 607 F.3d 543, 550 (8th Cir. 2010); *Nau v. Papoosha*, No. 3:21CV00019(SALM), 2021 WL 5447197, at *6 (D. Conn. Nov. 22, 2021). In other words, without additional information regarding the jail and the officers'

knowledge about the conditions impacting the risk of injury from a fire, Plaintiff has failed to state a plausible deliberate indifference claim.

Plaintiff's allegations regarding his questioning and arrest without counsel and without certain warnings regarding his rights arguably implicate his Fifth Amendment right against self-incrimination and his right to an attorney. While the allegations might be relevant in a criminal proceeding against Plaintiff if the state attempted to introduce into evidence the statements Plaintiff made during the interactions with the officers, *see generally*, *Miranda v. Arizona*, 384 U.S. 436 (1966); *Brewer v. Williams*, 430 U.S. 387 (1977), the allegations do not generate a § 1983 claim, *see Vega v. Tekoh*, 597 U.S. 134, 152 (2022).

Plaintiff's allegations regarding the proceedings against him on new arson charges could also be construed as an attempt to assert a Sixth Amendment or other constitutional challenge as to those proceedings. The claims would fail, however, because if the state court proceedings are ongoing, a federal court would be required to abstain from exercising jurisdiction until the state proceedings are complete, and if the proceedings have resulted

7

in a criminal judgment,[3] Plaintiff would be required first to successfully challenge the judgment through the state system before bringing his claims in federal court.[4]

Plaintiff's allegations describing his interaction with Officers Orr and Baso regarding the possible grievance filing, however, are sufficient to support an actionable claim at this stage of the proceedings.  "[A]s a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions" for engaging in activities covered by the First Amendment.  *Hartman v. Moore*, 547 U.S. 250, 256 (2006).  "To prevail on such a claim, a plaintiff must establish a causal connection between the government defendant's retaliatory animus and the plaintiff's subsequent injury."  *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (quotation omitted).  A plaintiff

---

[3] As a general rule, *Younger v. Harris*, 401 U.S. 37 (1971), requires abstention from the exercise of jurisdiction when a plaintiff seeks relief in federal court from a pending state criminal prosecution or analogous civil enforcement proceeding.  *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72–73, 78 (2013); *Sirva Relocation, LLC v. Richie*, 794 F.3d 185, 192–93 (1st Cir. 2015).  Abstention is mandatory absent "extraordinary circumstances," such as: (1) an action "brought in bad faith . . . for the purpose of harassment," (2) "the state forum provides inadequate protection of federal rights," or (3) the challenged "state statute is flagrantly and patently violative of express constitutional prohibitions" or there is "a facially conclusive claim of [federal] preemption."  *Sirva Relocation,* 794 F.3d at 192, 197.  Plaintiff has not alleged sufficient facts to permit a plausible finding of extraordinary circumstances to overcome *Younger* abstention if it applies here.

[4] Federal courts lack jurisdiction over suits which constitute "thinly veiled and improper attempts to collaterally attack [a] conviction" and "overrule the judgment of [the criminal court]."  *Stone v. Holder*, 859 F. Supp. 2d 48, 52 (D.D.C. 2012).  The proper avenues for collaterally attacking a criminal judgment are a direct appeal or pursuant to a habeas corpus petition under 28 U.S.C. §§ 2254 or 2255.  *See, e.g., Olson v. U.S.*, Civil Action No. 0565 (JR), 2006 WL 3377942, at *1 (D.C.C. Nov. 21, 2006) (collateral attacks on criminal convictions may be resolved only on direct review or through a habeas petition); *see also Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held that a state prisoner could not maintain a claim under 42 U.S.C. § 1983 for damages where he alleged that his arrest, trial, and conviction were unconstitutional because an award of damages on such a claim would implicitly invalidate the conviction. Because the plaintiff challenged his conviction, the Supreme Court determined that the plaintiff must first obtain relief from the conviction through state or federal habeas proceedings, or similar proceedings, before seeking a remedy under § 1983.  *Id.* at 487.

must show: (1) that the plaintiff engaged in conduct protected by the First Amendment; (2) that the defendant took adverse action against the plaintiff because of the protected conduct; and (3) that the adverse action was more than de minimis, i.e., was sufficient to deter a plaintiff of ordinary firmness from exercising his or her first amendment rights. *Hannon v. Beard*, 645 F.3d 45, 48 (1st Cir. 2011); *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003); *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999).[5] Death threats and threats of serious physical harm generally suffice, whereas verbal insults or vague statements about unspecified future discipline are generally not enough to generate a constitutional claim. *See Dixon v. Groeger*, No. 2:16-CV-00178-NT, 2017 WL 3298675, at *5 (D. Me. Aug. 2, 2017) (collecting cases).

Plaintiff's allegations are sufficient because the threat of punishment (i.e., that he would be "stripped [and] put in the hole" if he asked for another grievance) was plausibly more than de minimis, and although there is generally no constitutional right to file internal grievances, when a prison grievance process is made available, courts have recognized retaliation claims based on the threat of significant punishment for prisoners attempting to file grievances. *See Hightower v. Vose*, 95 F.3d 1146, 1996 WL 516123 at *1 (1st Cir. 1996); *Hill v. Lappin*, 630 F.3d 468, 475 (6th Cir. 2010).

---

[5] The objective test about a plaintiff of ordinary firmness "applies even where a particular plaintiff was not himself subjectively deterred; that is, where he continued to file grievances and lawsuits." *Gill v. Pidlypchak*, 389 F.3d 379, 381 (2d Cir. 2004); *see also*, *Ayotte v. Barnhart*, 973 F. Supp. 2d 70, 82 (D. Me. 2013).

## CONCLUSION

Based on the foregoing analysis and the analysis in the original Recommended Decision, after a review of Plaintiff's amended complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss all defendants and claims in Plaintiff's amended complaint[6] except for the retaliation claim against Officers Orr and Baso.

## <u>NOTICE</u>

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of September, 2024.

---

[6] To the extent Plaintiff intended to reassert his allegations and claims in the original complaint regarding solitary confinement and the confinement for a time without clothes or access to drinking water, the claims fail because he has not addressed the deficiencies addressed in the prior recommended decision.  To the extent the amended complaint adds any factual allegations on the conditions of confinement, such as Plaintiff being held briefly in a restraint chair after a suicide attempt, the allegations do not establish a constitutional violation for the reasons previously identified.