UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JONATHAN EMMERT, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 1:24-cv-00159-NT |
| ) | |
| OFFICER ORR, et al., ) | |
| ) | |
| Defendants ) | |

**RECOMMENDED DECISION ON MOTION FOR SANCTIONS**

In May 2024, Plaintiff initiated this action alleging a violation of his constitutional rights. (*See* Complaint, ECF No. 1; Amended Complaint, ECF No. 8.) Following a review of Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915 and § 1915A, the Court dismissed all defendants and claims except for Plaintiff's First Amendment retaliation claim against Defendants Orr and Baso. (Order, ECF No. 12.)

The matter is now before the Court on Defendants' motion for sanctions. (Motion, ECF No. 39.) Through their motion, Defendants ask the Court to dismiss with prejudice Plaintiff's remaining claim as sanction for his failure to respond to Defendants' discovery requests. Plaintiff did not file an opposition to the motion.

After review of Defendants' motion and relevant portions of the record, I recommend the Court grant in part and deny in part Defendants' motion for sanctions. I recommend the Court dismiss Plaintiff's complaint without prejudice.

**BACKGROUND**

Defendants represent that on February 3, 2025, they served Plaintiff with written discovery requests to which Plaintiff has not responded. (Motion for Sanctions at 1.) On March 18, 2025, Plaintiff filed a motion through which Plaintiff requested a continuance "regarding the interrogatories and the request for [d]ocuments." (Motion to Continue, ECF No. 31.) Plaintiff did not request a specific extension of the deadline to respond to the discovery requests but asserted that he is not familiar with the process and that he was awaiting the Court's ruling on his motion to appoint counsel. (*Id.*) On March 31, 2025, the Court denied Plaintiff's motions to appoint counsel and to continue "the interrogatories and request for documents." (Orders, ECF Nos. 33, 34.) In its order on the motion to continue, the Court wrote, "If Plaintiff seeks more time to respond to Defendants' discovery requests, Plaintiff can file a motion requesting more time and stating the amount of time he is requesting." (Order, ECF No. 34.) To date, Plaintiff has not filed such a motion.

On April 9, 2025, Defendants filed a Request for a Hearing Regarding a Discovery Dispute seeking to resolve the issue of the unanswered discovery requests. (Request for Hearing, ECF No. 35.) Upon review of the request, on April 10, 2025, the Court established May 15, 2025, as the date by which Plaintiff was required to serve responses to the discovery requests. (Order on Discovery Issue, ECF No. 37.) The Court also wrote, "If Plaintiff fails to serve responses to the discovery requests by May 15, 2025, the Court could impose sanctions, which could include the dismissal of Plaintiff's complaint." (*Id.*) Defendants filed the motion for sanctions on May 22, 2025.

## DISCUSSION

When a party "fails to obey an order to provide or permit discovery," the court may "dismiss[ ] the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A); *see also Vallejo v. Santini-Padilla*, 607 F.3d 1, 7 (1st Cir. 2010) ("District Courts' authority to dismiss an action as a sanction for noncompliance with a discovery order is well established."). Dismissal "of a case may at times be a harsh sanction," *Vallejo*, 607 F.3d at 8, but the First Circuit has "routinely recognized that it is an essential tool for district courts' effective exercise of their 'right to establish orderly processes and manage their own affairs.'" *Id.* (quoting *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003)). "[D]ismissal ordinarily should be employed as a sanction only when a plaintiff's misconduct is extreme." *Young*, 330 F.3d at 81; *see also Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) ("[D]isobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal).").

At this point, Plaintiff has failed to respond to the discovery requests for nearly five months. Furthermore, the Court advised Plaintiff that he could seek an extension of the deadline to respond by filing a motion with the Court. Plaintiff did not file a motion. Finally, even though Plaintiff did not request a specific extension to respond to the discovery requests, the Court extended the deadline to May 15, 2025. Plaintiff, however, failed to respond to the Court's orders, the discovery requests, or Defendants' motion for sanctions. Given Plaintiff's failure to respond to the discovery requests despite the Court's caution that dismissal was possible if he failed to respond, and given Plaintiff's recent lack of communication with Defendants or the Court regarding the discovery requests, dismissal

is warranted. *See Carleton v. Piscataquis Cty. Jail*, No. 1:13-cv-00253-JAW, 2024 WL 2783715, at *2 (D. Me. May 30, 2024) (finding dismissal appropriate when plaintiff had failed to respond to discovery requests); *Reardon v. Lowe's Companies, Inc.*, No. 1:21-cv-00362-LEW, 2024 WL 554334, at *2 (D. Me. Feb. 12, 2024). The question is whether the dismissal should be with prejudice, as Defendants request, or without prejudice.

Dismissal with prejudice is an extreme sanction because it "foreclose[es] forever the plaintiff's opportunity to obtain judicial redress." *Pomales v. Celulares Telefónica, Inc.*, 342 F.3d 44, 48 (1st Cir. 2003); *see also Benítez-García v. González-Vega*, 468 F.3d 1, 5 (1st Cir. 2006) (noting that dismissing cases with prejudice raises "fairness concerns" given "the law's preference that cases be disposed of on the merits" and "procedural aspects such as notice and an opportunity to be heard"). The First Circuit has cautioned that "dismissal with prejudice is a harsh sanction, which should be employed only when a plaintiff's misconduct has been extreme and only after the district court has determined that none of the lesser sanctions available to it would truly be appropriate." *United States ex rel. Nargol v. DePuy Orthopaedics, Inc.*, 69 F.4th 1, 13 (1st Cir. 2023) (*quoting Malot v. Dorado Beach Cottages Assocs.*, 478 F.3d 40, 44 (1st Cir. 2007)). Relevant factors in deciding whether dismissal with prejudice is appropriate include: "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." *Benítez-García*, 468 F.3d at 5 (quoting *Robson v. Hallenbeck*, 81 F.3d 1, 2 (1st Cir. 1996)). Courts also weigh procedural

4

considerations, such as whether a party was warned about a sanction and given an opportunity to object. *See id.*

In this case, certain factors weigh in favor of dismissal with prejudice. Plaintiff was warned dismissal was possible if he failed to respond to the discovery requests by May 15, 2025, and Plaintiff has not provided the Court with an explanation for his failure to respond beyond his statements in the March 2025 motion to continue. However, Plaintiff's status as a *pro se* litigant and his current incarceration are mitigating factors. *See Reardon*, 2024 WL 554334, at *3. In addition, although Plaintiff has not responded to the discovery requests, his motion to continue and earlier filings demonstrate an effort or intent to satisfy his obligations as a litigant. Under the circumstances, dismissal without prejudice is the more appropriate sanction.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant in part and deny in part Defendants' motion for sanctions. I recommend the Court dismiss Plaintiff's case without prejudice.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

                                   /s/ John C. Nivison
                                   U.S. Magistrate Judge

Dated this 26th day of June, 2025.